UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER S.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | CASE NO. 3:26-CV-5217-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI") benefits.[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to consider and provide analysis of Dr. Elwyn Hulse, Jr., Psy.D.'s opinion. Had the ALJ properly considered Dr. Hulse's opinion, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

**I. Factual and Procedural History**

On July 19, 2022, Plaintiff filed an application for SSI, alleging disability beginning November 1, 2015. *See* Dkt. 5, Administrative Record ("AR") 17. The application was denied on initial administrative review and reconsideration. *See* AR 17. A hearing was held before ALJ Michael Comisky on June 4, 2025. *See* AR 76-104. At the hearing, Plaintiff amended her alleged onset date to July 19, 2022. AR 81. The ALJ determined Plaintiff was not disabled on June 30, 2025. AR 17-31. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6, 20 C.F.R. §§ 404.981, 416.1481.[2]

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider Dr. Elwyn Hulse, Jr., Psy.D.'s medical opinion. Dkt. 8, p. 1. Plaintiff requests the Court remand this case for further administrative proceedings. *Id*.

**II. Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the

---

[2] Based on the record, Plaintiff also filed an application for SSI in May 2017. AR 108. ALJ Lawarence Lee issued a decision finding Plaintiff not disabled, AR 107-22, and the Appeals Council denied Plaintiff's request for review, AR 123-27. It does not appear Plaintiff appealed ALJ Lee's decision to this Court. The parties also do not assert ALJ Lee's decision is relevant to the current case.

reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III. Discussion

Plaintiff contends the ALJ erred in finding Dr. Elwyn Hulse, Jr., Psy.D.'s medical opinion unpersuasive. Dkt. 8.

### A. *Legal Standard*

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1).

"Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

B. *Dr. Hulse's Opinion*

Dr. Hulse completed a mental evaluation of Plaintiff on November 20, 2022. AR 532-38. Dr. Hulse reviewed Plaintiff's records, conducted a clinical interview and a mental status exam, and detailed Plaintiff's functional information. AR 532-37. He diagnosed Plaintiff with bipolar 1 disorder, most recent episode depressed, moderate and rule out somatic symptom disorder. AR 537-38. Dr. Hulse opined that Plaintiff's long-term memory is impaired, immediate and recent memories are undermined by defects in working memory and Plaintiff can easily focus her concentration and persistence on pleasure-seeking. AR 538. He found Plaintiff cannot use linear logic, cannot make basic deductions from a set of presented facts, and cannot identify discrepancies in the environment. AR 538. Plaintiff can connect a key word to concepts. AR 538. Dr. Hulse opined Plaintiff's impulses might override her decision-making abilities even though she knows what she should or should not do in a given situation. AR 538. Dr. Hulse stated, "Overall, [Plaintiff] has limited ability to adapt." AR 538.

C. *ALJ Decision and Analysis*

In considering Dr. Hulse's opinion, the ALJ stated,

> [T]he claimant attended a psychological evaluation with Elwyn Hulse, Jr., Psy.D. (Exh. B6F). However, no medical opinion was provided beyond conclusory statements not provided in program-compliant language. This is merely a conclusory statement on an issue reserved to the Commissioner. The ultimate issue of disability is a medical-vocational determination reserved for the Commissioner, and statements on issues reserved to the Commissioner are neither inherently valuable nor persuasive. Thus, no analysis of such statements is necessary. (20 CFR 404.1520b(c), 416.920b(c)(1)).

AR 28.

The ALJ found Dr. Hulse's opinion did not need to be considered because the opinion only included conclusory statements on an issue reserved to the Commissioner. AR 28. As stated above, the ALJ relied on 20 CFR 404.1520b(c), 416.920b(c)(1) to support his decision. Under 20 CFR 404.1520b(c) and 416.920b(c)(1), statements regarding how a claimant is or is not "disabled, blind, able to work, or able to perform regular or continuing work" are statements on issues reserved to the Commissioner; the statements are neither valuable nor persuasive. 20 C.F.R. § 404.1520b(c); 20 C.F.R. § 416.920b(c)(3)(i). An ALJ "will not provide any analysis about how [he] considered such evidence in [his] determination or decision." 20 C.F.R. § 404.1520b(c).

Here, however, Dr. Hulse's opinion did not conclude if Plaintiff was, or was not, disabled under the Social Security disability regulatory criteria. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012). Rather, Dr. Hulse examined Plaintiff, conducted an MSE, and provided his opinion of Plaintiff's functional abilities. For example, Dr. Hulse found that, overall, Plaintiff had a limited ability to adapt. AR 538. This is a functional limitation, not a finding on an issue reserved to the Commissioner. Therefore, Dr. Hulse did not provide a conclusory opinion on a matter reserved to the Commissioner, *see* AR 532-38, and the ALJ's failure to consider whether Dr. Hulse's opinion is valuable and persuasive was error.

D. *Harmless Error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless

unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered Dr. Hulse's opinion, he may have included additional limitations in the RFC. For example, the RFC does not include limitations regarding Plaintiff's ability to adapt, yet Dr. Hulse opined Plaintiff has a limited ability to adapt. *See* AR 22, 538. The ultimate disability determination may have changed if Dr. Hulse's opined limitations were included in the RFC and considered throughout the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

## IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 17th day of August, 2026.

David W. Christel
United States Magistrate Judge